**Ex parte Nathaniel ALEXANDER.**

**No. 09–04–153 CR.**

Court of Appeals of Texas,
Beaumont.

July 28, 2004.

Bruce A. Hoffer, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., Wayln G. Thompson, Asst. Criminal Dist. Atty., Beaumont, for state.

Before McKEITHEN, C.J., BURGESS, and GAULTNEY, JJ.

## OPINION

PER CURIAM.

Nathaniel Alexander was indicted for the offense of felony "Retaliation."[1] After the jury was selected and sworn, the trial judge continued the proceedings for several days. Prior to the date the trial was scheduled to resume, a juror contacted the trial court[2] and informed the court she was going to attend her daughter's out-of-town university ceremony and would not be present on the day trial resumed. The State agreed to proceed with eleven jurors, but the defendant did not. The trial judge *sua sponte* declared a mistrial and informed the parties he intended to pick a new jury.

Alexander filed a writ of habeas corpus petition seeking release from confinement and dismissal of the charges against him. The trial court denied the habeas corpus petition, and Alexander filed this interlocutory appeal on double jeopardy grounds. The State concedes error but asks for an affirmance in its prayer.

---

1. *See* Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 945 (amended 1983, 1989, 1993, 1997, 2001, 2003)(current version at Tex. Pen.Code Ann. § 36.06 (Vernon Supp.2004)).

2. The record does not include an order transferring this case to the 58th District Court. When a case is transferred to another court, a written order transferring the case should be signed.

In a pre-trial writ of habeas corpus, the defendant has the initial burden of proving the double jeopardy violation "by proving that he was tried for the same offense after a mistrial. The burden then shifts to the State to prove manifest necessity for the mistrial." *See Hill v. State*, 90 S.W.3d 308, 313 (Tex.Crim.App.2002).

Both the Fifth Amendment to the United States Constitution and Article 1, section 14 of the Texas Constitution "protect a criminal defendant from repeated prosecutions for the same offense." *Ex parte Peterson*, 117 S.W.3d 804, 810 (Tex.Crim.App.2003) (quoting *Oregon v. Kennedy*, 456 U.S. 667, 671, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982)). A defendant has a " 'valued right to have his trial completed by a particular tribunal.' " *Kennedy*, 456 U.S. at 671–72, 102 S.Ct. 2083 (quoting *Wade v. Hunter*, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949)). That "valued right" must "in some instances be subordinated to the public's interest in fair trials designed to end in just judgments." *Wade*, 336 U.S. at 689, 69 S.Ct. 834. Generally, "after a jury has been impaneled and sworn, thus placing the defendant in jeopardy, double jeopardy bars a re-trial if a jury is discharged without reaching a verdict." *Ex parte Fierro*, 79 S.W.3d 54, 56 (Tex.Crim.App.2002) (citing *Brown v. State*, 907 S.W.2d 835, 839 (Tex.Crim.App. 1995)). An exception to the rule applies when the defendant agrees to a retrial, or when a mistrial is mandated by "manifest necessity." *Fierro*, 79 S.W.3d at 56 (citing *Arizona v. Washington*, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978)). The defendant here did not agree to the mistrial. The issue is whether a mistrial was warranted under the "manifest necessity" exception.

"[A] trial judge's discretion to declare a mistrial based on manifest necessity is limited to 'very extraordinary and striking circumstances.' " *Hill*, 90 S.W.3d at 313 (quoting *United States v. Jorn*, 400 U.S. 470, 480, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971)). Manifest necessity exists under the following circumstances: (1) when it would be impossible to arrive at a fair verdict, (2) when it is impossible to continue with trial, or (3) when the verdict would be automatically reversed on appeal because of trial error. *Hill*, 90 S.W.3d at 313. Before granting a mistrial, the trial judge is required to consider and rule out "less drastic alternatives" and choose the one which best preserves the defendant's " 'right to have his trial completed before a particular tribunal.' " *Hill*, 90 S.W.3d at 313 (quoting *Brown*, 907 S.W.2d at 839).

Because of "scheduling problems" the trial judge continued the case until March 31. When the juror called and said she could not be there on March 31, the trial judge telephoned the prosecutor, who agreed to proceed with eleven jurors; defense counsel did not agree to go forward with less than twelve jurors.[3] The trial court declared a mistrial on March 26, 2004, and ordered the jury discharged. At the habeas hearing, defense counsel argued there was no manifest necessity for a mistrial, because the trial court had other alternatives. The court had already delayed the trial and could have done so again. And, argued defense counsel, the court could have instructed the juror to be present at trial on the scheduled date, and if the juror was not there, the judge could

---

3. A felony trial can proceed with eleven jurors in two instances: (1) when the parties consent to trial with fewer than twelve jurors, and (2) regardless of the parties' consent, when a juror dies or becomes disabled before the charge of the court is read to the jury. *Hill*, 90 S.W.3d at 314; *see* TEX. CONST. art. 5, § 13; TEX. GOV'T CODE ANN. § 62.201 (Vernon 1998); TEX.CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp.2004).

have dispatched a law enforcement officer to secure her presence. Alexander says, though the attachment of the juror is arguably harmful, the harm is less severe than the harm associated with a mistrial.

The trial court explained the mistrial ruling. The juror refused to be at trial on March 31 because she was attending her daughter's out-of-town university ceremony. Continuing the case would result in the loss of a whole day, while dismissing the jury and selecting a new one would only result in the loss of a half day. And the trial judge said there was no guarantee the juror would be back on Thursday, April 1. The judge also said he considered issuing a writ of attachment for the juror, but he concluded the attachment would have caused harm to Alexander because of bias produced in the juror. The only alternative, explained the trial judge, was to wait until the next day or later. And the judge concluded there was less harm to the defendant by starting March 31st with a new jury.

The Court of Criminal Appeals' decision in *Ex parte Little*, 887 S.W.2d 62, 63–64 (Tex.Crim.App.1994), governs this case. In *Little*, the jury was impaneled and sworn, excused for the remainder of the day, and instructed to return the next morning. *Id.* at 63. When one juror did not arrive at the scheduled time the next day, the trial judge recessed and waited almost three hours before declaring a mistrial. *Id.* Not hearing from the juror, the trial judge said he saw "no choice but to declare a mistrial." *Id.* at 64. The Court of Criminal Appeals held that while prolonged absence of a juror may give rise to manifest necessity under certain circumstances, the failure of a juror to appear after three hours does not meet the required standard. *Id.* at 67.

The Court found the trial judge did not consider less drastic alternatives. The facts of the case "did not provide the 'very extraordinary and striking circumstances' to support the trial judge's decision." *Id.* at 67 (quoting *Downum v. United States,* 372 U.S. 734, 736, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963)). The Court explained: "While it is apparent that the trial judge rejected waiting longer for the missing juror to arrive, there is no evidence that the trial judge considered the most available less drastic alternative, a continuance until the missing juror could be located. A defendant having a right to a jury has a concurrent right to a continuance until the full jury is in attendance." *Little,* 887 S.W.2d at 67. The Court remanded the case to the trial court to enter an order discharging the appellant and barring any reprosecution for the same offense.

▪ Here, the trial court considered less drastic alternatives, but, as in *Little,* there were no "very extraordinary and striking circumstances" that necessitated a mistrial. The circumstances did not meet the standard of "manifest necessity." A delay of a half day or a day, without more, does not meet that standard. The explanation for the juror's absence in this case was known. She told the court where she would be on the specific date and why. If the court chose to allow her to attend the ceremony on March 31, a continuance until she returned remained an option. Any anticipated delay could not reasonably be called "prolonged" or "very extraordinary and striking circumstances." As in *Little,* a continuance was the "most available less drastic alternative" to a mistrial. *Id.* The trial court erred in *sua sponte* declaring a mistrial in the absence of "manifest necessity."

▪ The double jeopardy violation caused by the error in declaring a mistrial is constitutional error, and we apply Tex. R.App. P. 44.2(a). Because the error denied Alexander his constitutional right to

have his trial completed before the jury that was sworn to hear his case, the error was not harmless. *See id.;* U.S. CONST. amend. V; TEX. CONST. art. 1, § 14; *Kennedy,* 456 U.S. at 671–72, 102 S.Ct. 2083; *Ex parte Fife,* 49 S.W.3d 35, 40 (Tex.App.-Fort Worth 2001, pet. ref'd). Appellant's retrial is jeopardy barred. We reverse and remand the case to the trial court with instructions to enter an order discharging the appellant and barring reprosecution for the same offense. *See Ex parte Little,* 887 S.W.2d at 67–68.[4]

REVERSED AND REMANDED.

**4.** Though conceding error, the State argues that "this point of law deserves revisiting." Where, as here, a mistrial is declared because of a juror's absence after the jury is impaneled and sworn, and where the mistrial does not unfairly aid the prosecution or harass the defense, or is not the result of prosecutorial or judicial overreaching but rather is due to the trial court's effort to provide the defendant a fair and speedy trial, the ends of public justice may under the circumstances be better served by permitting the trial to proceed. The defendant's "right to have his trial completed by a particular tribunal" should yield in some instances "to the public's interest in fair trials designed to end in just judgments." *See Wade,* 336 U.S. at 689, 69 S.Ct. 834. As an intermediate appellate court, however, we are not at liberty to ignore the holding in *Little* or recognize an exception different from "manifest necessity" under these circumstances.