In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-431 CR


____________________



DONALD RAY BROUSSARD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 91173






OPINION


 A jury convicted appellant, Donald Ray Broussard, of the offense of Possession of a
Controlled Substance (cocaine). See Tex. Health & Safety Code Ann. § 481.115(a), (c)
(Vernon 2003). Enhancement paragraphs in the indictment raised his punishment exposure to a
second degree felony. See Tex. Pen. Code Ann. § 12.42(a)(3) (Vernon Supp. 2005). The jury
assessed punishment at confinement in the Texas Department of Criminal Justice - Correctional
Institutions Division for a term of ten years. Appellant presents two issues for our consideration,
viz: 

 1. Reversible error occurred when the trial court failed to grant appellant's
objection to the charge and failed to grant appellant's requested modification to the
charge in either or in both phases of the trial, regarding a presumption of a
unanimous decision thereby coercing a verdict.


 2. Error occurred when the trial court overruled appellant's relevance objection
during the State's direct [sic] of a witness prejudicing the jury against the appellant. 


 Finding no error, we affirm the judgment.


 At the conclusion of the guilt/innocence phase of the trial, the trial court submitted its
instructions to the jury. Appellant objected to the last paragraph of the instructions and tendered
an orally-requested instruction in its place. The trial court overruled appellant's objection and
denied the requested instruction. We reproduce the trial court's instructions and then a portion
of the same instructions with appellant's requested changes in bold type:

 After the attorneys present their arguments to you, you will retire, select a
foreperson, and consider your verdict. The arguments are not evidence and you
should give the arguments only the consideration you feel they deserve during your
evaluation of the evidence. It is the duty of your foreperson to make certain that
your deliberations are conducted in accordance with this charge. After you have
reached a unanimous decision, your foreperson should sign the appropriate verdict
attached to the charge. In returning your verdict, it is your responsibility to make
certain that justice is done in this case. 


 . . . .


 . . . deliberations are conducted in accordance with this charge. If you have
reached a unanimous decision, your foreperson should sign the appropriate verdict
attached to the charge. In returning your verdict, if one is reached, it is your
responsibility to make certain that justice is done in this case.


 Following the punishment phase evidentiary presentation, the trial court again submitted
written instructions to the jury. Appellant objected to the general instructions provided to the jury
and tendered a written requested instruction in its place. Appellant's requested instruction was
denied by the trial court. We reproduce the trial court's general instructions as submitted to the
jury and then appellant's written requested instructions, again with the differing portions
emphasized: 

 GENERAL INSTRUCTIONS:


 The attached verdict forms are supplied for your use. When you have
reached your verdict, your foreperson should fill in the appropriate form and sign
their name as foreperson.


 In arriving at your verdict, it is not proper to fix the punishment you assess
by any system of averaging. Your verdict must be determined only by a full, fair
and free exercise of the opinions of each juror based upon the evidence presented. 
Your verdict must be unanimous.


 Your failure to follow the law contained in this charge could result in a
mistrial being declared; and you [sic] deliberate violation of these instructions could
result in your being held in contempt of Court.


 . . . .





 GENERAL INSTRUCTIONS:


 The attached verdict forms are supplied for your use. If you reach a
verdict, your foreperson should fill in the appropriate form and sign their name as
foreperson.


 In arriving at your verdict, if you reach one, it is not proper to fix the
punishment you assess by any system of averaging. Your verdict, if you reach
one, must be determined only by a full, fair and free exercise of the opinions of
each juror based upon the evidence presented. If you are unanimous, then you
have reached a verdict. 


 Your failure to follow the law contained in this charge could result in a
mistrial being declared; and you [sic] deliberate violation of these instructions could
result in your being held in contempt of Court.


 In his brief, appellant acknowledges the applicability of several provisions in the Texas
Code of Criminal Procedure to jury trials. We set them out below:

 Tex. Code Crim. Proc. Ann. art. 35.22 (Vernon 1989):


 When the jury has been selected, the following oath shall be administered
them by the court or under its direction: "You and each of you do solemnly swear
that in the case of the State of Texas against the defendant, you will a true verdict
render according to the law and the evidence, so help you God." 


 Tex. Code Crim. Proc. Ann. art. 37.01 (Vernon 1981):


 A "verdict" is a written declaration by a jury of its decision of the issue
submitted to it in the case. 


 Tex. Code Crim. Proc. Ann. art. 37.04 (Vernon 1981):


 When the jury agrees upon a verdict, it shall be brought into court by the
proper officer; and if it states that it has agreed, the verdict shall be read aloud by
the judge, the foreman, or the clerk. If in proper form and no juror dissents
therefrom, and neither party requests a poll of the jury, the verdict shall be entered
upon the minutes of the court.


 Tex. Code Crim. Proc. Ann. art. 36.31 (Vernon 1981):


 After the cause is submitted to the jury, it may be discharged when it cannot
agree and both parties consent to its discharge; or the court may in its discretion
discharge it where it has been kept together for such time as to render it altogether
improbable that it can agree.


 Tex. Code Crim. Proc. Ann. art. 37.05 (Vernon 1981):


 The State or the defendant shall have the right to have the jury polled,
which is done by calling separately the name of each juror and asking him if the
verdict is his. If all, when asked, answer in the affirmative, the verdict shall be
entered upon the minutes; but if any juror answer in the negative, the jury shall
retire again to consider its verdict. 


 In the instant case, the record does not indicate that the jury had difficulty in reaching a
verdict in either the guilt/innocence or punishment phases of the trial. Nevertheless, appellant
appears to argue that the trial court's instructions at issue subjected the jury to improper coercion
or duress in that the instructions "pre-suppose[d] that a verdict will be returned[.]" In doing this,
appellant continues, the trial court violated appellant's Sixth Amendment guarantee of due process
because, in presupposing a verdict would be returned, the trial court negated "the free, fair and
individual vote of each juror (without duress, coercion or compromise . . . [ )]" from which the
due process guarantee springs. Appellant, however, provides us with no authority directly on
point in support of this position. 

 The State interprets appellant's essential argument as "the instructions of the Court make
an assumption that the jury will, in fact, reach a verdict rather than allowing for the potential of
a deadlocked jury." The State's interpretation is based upon the lone case appellant cites for his
position: Garza v. State, 974 S.W.2d 251 (Tex. App.--San Antonio 1998, pet. ref'd). Garza
involved a claim of an improperly coercive "dynamite charge" submitted to the jury by the trial
court. (1) Id. at 255-56. Appellant contends that the wording in his requested instructions would
have cured the "coercive effect" of the trial court's mandated unanimity, which "impliedly
instruct[ed] [the] jury to forgo their free, fair and individual vote." 

 When a defendant's requested instruction is contrary to the existing law, there is no error
in not submitting it. See Berrett v. State, 152 S.W.3d 600, 606 (Tex. App.--Houston [1st Dist.]
2004, pet. ref'd). Furthermore, when a refused instruction is adequately covered by the charge
submitted, there is no error in refusing it. See Moody v. State, 827 S.W.2d 875, 893 (Tex. Crim.
App. 1992); Thacker v. State, 889 S.W.2d 380, 399 (Tex. App.--Houston [14th Dist.] 1994, pet.
ref'd). Appellant's position that it was improper for the trial court to submit jury instructions
"presupposing" the jury would render a verdict, and "presupposing" the verdict would be
unanimous, is contrary to established precedent that has traditionally recognized the defendant's
"valued right" to have his guilt or innocence determined before a particular tribunal. See Oregon
v. Kennedy, 456 U.S. 667, 671-72, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982) (quoting Wade
v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949)); Ex parte Alexander, 141
S.W.3d 798, 800 (Tex. App.--Beaumont 2004, pet. ref'd) (orig. proceeding). As support for this
observation and for our analysis of the issue, we find the discussion in Soria v. State, 933 S.W.2d
46, 66 (Tex. Crim. App. 1996) to be instructive. (2) 

 In Soria, a capital murder/death penalty review, the defendant complained of the trial
court's refusal to instruct the jury that a failure to agree on its answers to the special issues was
an option, as well as answering "yes" or "no." Id. at 49, 66. The Court's rationale for
overruling this point reads as follows:

 In Robertson [v. State, 871 S.W.2d 701 (Tex. Crim. App. 1993)], we
rejected the defendant's complaint that the trial court erred in refusing to submit a
jury form providing that the jury could respond, "yes", "no" or "we can't decide"
in answering the special issues. We said:


 It is the role of a juror simply to answer the special issues either
"yes" or "no," and nothing else. Conversely, it is not the role of
the individual juror to skirt this responsibility by failing to return a
vote. The issues are framed in a manner which permits them to be
answered either affirmatively or negatively, and it is the purpose of
the deliberative process to resolve juror vacillation.


 Id. at 709-10 (quoting Nobles v. State, 843 S.W.2d 503, 510 (Tex. Crim. App.
1992)). In light of the fact that a jury functions to resolve the factual issues and
reach a verdict, the trial court did not abuse its discretion in failing to inform the
jury that it is an option for them to fail to agree in answering the special issues.


Id. at 66.

 In addressing a similar issue, the Court in Moreno v. State, 858 S.W.2d 453, 460 (Tex.
Crim. App. 1993) stated the following:

 There is no option for the jury not to reach a verdict. While that may be
an eventuality, it isn't a course for the jury to choose. Draughon v. State,[831
S.W.2d 331, 337 (Tex. Crim. App. 1992)] supra. The jury charge submitted at
punishment conformed with the requirements of Article 37.071, supra. It in no
way forbad or prevented an individual juror from casting a negative vote to either
of the special issues. 


Id. at 460. As noted above, the Court in Draughon v. State, 831 S.W.2d 331, 337-38 (Tex. Crim.
App. 1992), observed the following in its analysis of the defendant's erroneous instructions
complaint:

 Accordingly, inasmuch as Appellant argues that jurors should be informed
about the consequence of their failure to agree because nonagreement is an optional
verdict under our law, he is simply mistaken. Abstention is not a jury option. 
Rather, as in other cases, it is merely a consequence of the jury's inability to
exercise its available options by reaching a verdict. It is not, nor would it be
appropriate to suggest that it is, a verdict itself. 


 As noted initially, article 37.01 states that a "'verdict'" is a written declaration by a jury
of its decision of the issue submitted to it in the case." Tex. Code Crim. Proc. Ann. art. 37.01
(Vernon 1981). Additionally, in all felony trials in Texas the jury's verdict must be unanimous. 
Tex. Code Crim. Proc. Ann. art. 36.29 (Vernon Supp. 2005). These statutory provisions were
the proper "law applicable in this case," and were appropriately included in the instructions
submitted to the jury in the instant case. 

 Because "nonagreement" or "abstention" is not a statutorily recognized option for the jury
to select, it was not error for the trial court to refuse to submit appellant's requested instructions. 
See Draughon, 831 S.W.2d at 337-38; Berrett, 152 S.W.3d at 606. An appellate court's first duty
in evaluating a jury instruction issue is to determine whether error exists. See Middleton v. State,
125 S.W.3d 450, 453 (Tex. Crim. App. 2003) (citing Hutch v. State, 922 S.W.2d 166, 170 (Tex.
Crim. App. 1996)). Finding no error, we overrule issue one.

 With regard to issue two, appellant directs our attention to the following portion of the
direct examination of State's witness A.B. Baise, a detective with the City of Port Arthur Police
Department and a member of the Jefferson County Narcotics Task Force: 

 Q.[State] Okay. So, based on your scales there at the police - at the task force
office, it [the contraband appellant was accused of possessing] actually weighed 4.3
grams?


 A.[Baise] Yes, sir. 


 Q. Tell the jury the approximate value of that cocaine?


 [Trial Counsel]: Your Honor, I object. This has no relevance to that.


 THE COURT: Overruled.


 [Trial Counsel]: Thank you, your Honor.


 A. Street value, 4.3 grams about $420.00.


 Q. Okay. And you get that figure from if it's $20.00 a rock - - 


 A. At 0.2 gram.


 Q. That's about two-tenths of a gram for one rock?


 A. Yes, sir. 


 Citing only to Tex. R. Evid. 401, appellant contends eliciting the monetary value of the
contraband before the jury "prejudiced" him as the monetary value of contraband is not an element
of the offense and is, therefore, irrelevant. The record reflects, however, that during an earlier
portion of Detective Baise's direct testimony, the following was elicited before the jury: 

 Q.[State] How much does a typical rock of crack cocaine weigh?


 A.[Baise] About 0.2 grams and they sell it for $20.00 on the street.


 Q. Two-tenths of a gram and that goes for $20.00?


 A. Yes, sir. 


 Q. Typically. So, in fact, is there another kind of slang term for a $20.00 rock?


 A. There's so many different slangs throughout the U.S.; a twenty - - "Give me
a twenty". That means a $20.00 piece of crack cocaine. "Give me some butter",
$20.00 piece of butter because it looks just like butter, you know, just street slang. 



 Q. And there again it cuts up easily into those rocks, it's not powder?


 A. Yes, sir.


 Q. So, out of 1 gram of crack cocaine, you can get five $20.00 rocks?


 A. Typically, yes. 


 It is axiomatic that to preserve error in admitting evidence, a party must make a proper
objection and get a ruling on that objection. See Saldano v. State, 70 S.W.3d 873, 886-87 (Tex.
Crim. App. 2002); Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). "In addition,
a party must object each time the inadmissible evidence is offered or obtain a running objection." 
See Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). An error, if any, in the
admission of evidence is cured where the same evidence comes in elsewhere without objection,
either before or after the complained-of ruling. See Lane v. State, 151 S.W.3d 188, 193 (Tex.
Crim. App. 2004). In the instant case, the street value of 0.2 gram of rock-cocaine was testified
to without objection as being $20.00. Later, testimony indicated that the rock-cocaine recovered
near appellant had a weight of 4.3 grams. As the total weight of the contraband possessed was
an element of the offense, this testimony was admissible. We find that appellant has forfeited our
consideration of this issue as the street value of rock-cocaine was admitted before the jury without
objection earlier in the trial, thus curing any alleged error as to relevancy. See Ethington v. State,
819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Issue two is overruled. The judgment of the trial
court is affirmed.

 AFFIRMED.



 _____________________________

 STEVE MCKEITHEN

 Chief Justice



Submitted on April 21, 2005

Opinion Delivered May 4, 2005

Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. A "dynamite" or "Allen"-charge is typically used in an attempt to break a deadlocked jury
by instructing that the result of a hung jury is a mistrial and that jurors at a retrial would be faced
with essentially the same decision, and by encouraging the jurors to try to resolve their differences
without coercing one another. See Allen v. United States, 164 U.S. 492, 501-02, 17 S.Ct. 154,
157, 41 L.Ed. 528 (1896); Howard v. State, 941 S.W.2d 102, 123 (Tex. Crim. App. 1996). 
2. We also find appellant's reliance on Garza misplaced because there, the judge included
very explicit Allen-charge language in the initial charge at the guilt/innocence phase. Garza, 974
S.W.2d at 255-56. In our case, the trial court's instructions did not include such language which
is usually intended to "dynamite" a deadlocked jury. As Garza was the only authority referenced
by appellant as authority for its presumption-of-unanimity/coercion argument, we must look
elsewhere for authority to address the issue.