**Donald Ray BROUSSARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–04–431 CR.**

Court of Appeals of Texas, Beaumont.

Submitted April 21, 2005.

Decided May 4, 2005.

Bruce A. Hoffer, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Philip Babin, Assistant Criminal District Attorney, Beaumont, for State.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

A jury convicted appellant, Donald Ray Broussard, of the offense of Possession of a Controlled Substance (cocaine). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (Vernon 2003). Enhancement paragraphs in the indictment raised his punishment exposure to a second degree felony. *See* TEX. PEN.CODE ANN. § 12.42(a)(3) (Vernon Supp.2005). The jury assessed punishment at confinement in the Texas Department of Criminal Justice—Correctional Institutions Division for a term of ten years. Appellant presents two issues for our consideration, *viz:*

 1. Reversible error occurred when the trial court failed to grant appellant's ob-

jection to the charge and failed to grant appellant's requested modification to the charge in either or in both phases of the trial, regarding a presumption of a unanimous decision thereby coercing a verdict.

2. Error occurred when the trial court overruled appellant's relevance objection during the State's direct [sic] of a witness prejudicing the jury against the appellant.

Finding no error, we affirm the judgment.

■ At the conclusion of the guilt/innocence phase of the trial, the trial court submitted its instructions to the jury. Appellant objected to the last paragraph of the instructions and tendered an orally-requested instruction in its place. The trial court overruled appellant's objection and denied the requested instruction. We reproduce the trial court's instructions and then a portion of the same instructions with appellant's requested changes in bold type:

After the attorneys present their arguments to you, you will retire, select a foreperson, and consider your verdict. The arguments are not evidence and you should give the arguments only the consideration you feel they deserve during your evaluation of the evidence. It is the duty of your foreperson to make certain that your deliberations are conducted in accordance with this charge. After you have reached a unanimous decision, your foreperson should sign the appropriate verdict attached to the charge. In returning your verdict, it is your responsibility to make certain that justice is done in this case.

. . . .

. . . deliberations are conducted in accordance with this charge. **If you have reached a unanimous decision, your foreperson should sign the appropriate verdict attached to the charge.** In returning your verdict, **if one is reached,** it is your responsibility to make certain that justice is done in this case.

Following the punishment phase evidentiary presentation, the trial court again submitted written instructions to the jury. Appellant objected to the general instructions provided to the jury and tendered a written requested instruction in its place. Appellant's requested instruction was denied by the trial court. We reproduce the trial court's general instructions as submitted to the jury and then appellant's written requested instructions, again with the differing portions emphasized:

**GENERAL INSTRUCTIONS:**

The attached verdict forms are supplied for your use. When you have reached your verdict, your foreperson should fill in the appropriate form and sign their name as foreperson.

In arriving at your verdict, it is not proper to fix the punishment you assess by any system of averaging. Your verdict must be determined only by a full, fair and free exercise of the opinions of each juror based upon the evidence presented. Your verdict must be unanimous.

Your failure to follow the law contained in this charge could result in a mistrial being declared; and you [sic] deliberate violation of these instructions could result in your being held in contempt of Court.

. . . .

**GENERAL INSTRUCTIONS:**

The attached verdict forms are supplied for your use. **If you reach a** verdict, your foreperson should fill in the appropriate form and sign their name as foreperson.

In arriving at your verdict, **if you reach one,** it is not proper to fix the punishment you assess by any system of averaging. Your verdict, **if you reach one,** must be determined only by a full, fair and free exercise of the opinions of each juror based upon the evidence presented. **If you are unanimous, then you have reached a verdict.**

Your failure to follow the law contained in this charge could result in a mistrial being declared; and you [sic] deliberate violation of these instructions could result in your being held in contempt of Court.

In his brief, appellant acknowledges the applicability of several provisions in the Texas Code of Criminal Procedure to jury trials. We set them out below:

TEX.CODE CRIM. PROC. ANN. art. 35.22 (Vernon 1989):

When the jury has been selected, the following oath shall be administered them by the court or under its direction: "You and each of you do solemnly swear that in the case of the State of Texas against the defendant, you will a true verdict render according to the law and the evidence, so help you God."

TEX.CODE CRIM. PROC. ANN. art. 37.01 (Vernon 1981):

A "verdict" is a written declaration by a jury of its decision of the issue submitted to it in the case.

TEX.CODE CRIM. PROC. ANN. art. 37.04 (Vernon 1981):

When the jury agrees upon a verdict, it shall be brought into court by the proper officer; and if it states that it has agreed, the verdict shall be read aloud by the judge, the foreman, or the clerk. If in proper form and no juror dissents therefrom, and neither party requests a poll of the jury, the verdict shall be entered upon the minutes of the court.

TEX.CODE CRIM. PROC. ANN. art. 36.31 (Vernon 1981):

After the cause is submitted to the jury, it may be discharged when it cannot agree and both parties consent to its discharge; or the court may in its discretion discharge it where it has been kept together for such time as to render it altogether improbable that it can agree.

TEX.CODE CRIM. PROC. ANN. art. 37.05 (Vernon 1981):

The State or the defendant shall have the right to have the jury polled, which is done by calling separately the name of each juror and asking him if the verdict is his. If all, when asked, answer in the affirmative, the verdict shall be entered upon the minutes; but if any juror answer in the negative, the jury shall retire again to consider its verdict.

In the instant case, the record does not indicate that the jury had difficulty in reaching a verdict in either the guilt/innocence or punishment phases of the trial. Nevertheless, appellant appears to argue that the trial court's instructions at issue subjected the jury to improper coercion or duress in that the instructions "pre-suppose[d] that a verdict will be returned[.]" In doing this, appellant continues, the trial court violated appellant's Sixth Amendment guarantee of due process because, in presupposing a verdict would be returned, the trial court negated "the free, fair and individual vote of each juror (without duress, coercion or compromise . . . [ ) ]" from which the due process guarantee springs. Appellant, however, provides us with no authority directly on point in support of this position.

■ The State interprets appellant's essential argument as "the instructions of the Court make an assumption that the jury will, in fact, reach a verdict rather than allowing for the potential of a dead-

locked jury." The State's interpretation is based upon the lone case appellant cites for his position: *Garza v. State*, 974 S.W.2d 251 (Tex.App.-San Antonio 1998, pet. ref'd). *Garza* involved a claim of an improperly coercive "dynamite charge" submitted to the jury by the trial court.[1] *Id.* at 255–56. Appellant contends that the wording in his requested instructions would have cured the "coercive effect" of the trial court's mandated unanimity, which "impliedly instruct[ed] [the] jury to forgo their free, fair and individual vote."

 When a defendant's requested instruction is contrary to the existing law, there is no error in not submitting it. *See Berrett v. State*, 152 S.W.3d 600, 606 (Tex. App.-Houston [1st Dist.] 2004, pet. ref'd). Furthermore, when a refused instruction is adequately covered by the charge submitted, there is no error in refusing it. *See Moody v. State*, 827 S.W.2d 875, 893 (Tex.Crim.App.1992); *Thacker v. State*, 889 S.W.2d 380, 399 (Tex.App.-Houston [14th Dist.] 1994, pet. ref'd). Appellant's position that it was improper for the trial court to submit jury instructions "presupposing" the jury would render a verdict, and "presupposing" the verdict would be unanimous, is contrary to established precedent that has traditionally recognized the defendant's "valued right" to have his guilt or innocence determined before a particular tribunal. *See Oregon v. Kennedy*, 456 U.S. 667, 671–72, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982) (quoting *Wade v. Hunter*, 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949)); *Ex parte Alexander*, 141 S.W.3d 798, 800 (Tex.App.-Beaumont 2004, pet. ref'd) (orig. proceeding). As support for this observation and for our analysis of the issue, we find the discussion in *Soria v. State*, 933 S.W.2d 46, 66 (Tex.Crim.App.1996) to be instructive.[2]

In *Soria*, a capital murder/death penalty review, the defendant complained of the trial court's refusal to instruct the jury that a failure to agree on its answers to the special issues was an option, as well as answering "yes" or "no." *Id.* at 49, 66. The Court's rationale for overruling this point reads as follows:

> In *Robertson [v. State*, 871 S.W.2d 701 (Tex.Crim.App.1993) ], we rejected the defendant's complaint that the trial court erred in refusing to submit a jury form providing that the jury could respond, "yes", "no" or "we can't decide" in answering the special issues. We said:
>
> > It is the role of a juror simply to answer the special issues either "yes" or "no," and nothing else. Conversely, it is not the role of the individual juror to skirt this responsibility by failing to return a vote. The issues are framed in a manner which permits them to be answered either affirmatively or negatively, and it is the pur-

---

1. A "dynamite" or *"Allen"*-charge is typically used in an attempt to break a deadlocked jury by instructing that the result of a hung jury is a mistrial and that jurors at a retrial would be faced with essentially the same decision, and by encouraging the jurors to try to resolve their differences without coercing one another. *See Allen v. United States*, 164 U.S. 492, 501–02, 17 S.Ct. 154, 157, 41 L.Ed. 528 (1896); *Howard v. State*, 941 S.W.2d 102, 123 (Tex.Crim.App.1996).

2. We also find appellant's reliance on *Garza* misplaced because there, the judge included very explicit *Allen*-charge language in the initial charge at the guilt/innocence phase. *Garza*, 974 S.W.2d at 255–56. In our case, the trial court's instructions did not include such language which is usually intended to "dynamite" a deadlocked jury. As *Garza* was the only authority referenced by appellant as authority for its presumption-of-unanimity/coercion argument, we must look elsewhere for authority to address the issue.

pose of the deliberative process to resolve juror vacillation.

*Id.* at 709–10 (quoting *Nobles v. State,* 843 S.W.2d 503, 510 (Tex.Crim.App. 1992)). In light of the fact that a jury functions to resolve the factual issues and reach a verdict, the trial court did not abuse its discretion in failing to inform the jury that it is an option for them to fail to agree in answering the special issues.

*Id.* at 66.

In addressing a similar issue, the Court in *Moreno v. State,* 858 S.W.2d 453, 460 (Tex.Crim.App.1993) stated the following:

There is no option for the jury *not* to reach a verdict. While that may be an eventuality, it isn't a course for the jury to choose. *Draughon v. State,* [831 S.W.2d 331, 337 (Tex.Crim.App.1992)] supra. The jury charge submitted at punishment conformed with the requirements of Article 37.071, supra. It in no way forbad or prevented an individual juror from casting a negative vote to either of the special issues.

*Id.* at 460. As noted above, the Court in *Draughon v. State,* 831 S.W.2d 331, 337–38 (Tex.Crim.App.1992), observed the following in its analysis of the defendant's erroneous instructions complaint:

Accordingly, inasmuch as Appellant argues that jurors should be informed about the consequence of their failure to agree because nonagreement is an optional verdict under our law, he is simply mistaken. Abstention is not a jury option. Rather, as in other cases, it is merely a consequence of the jury's inability to exercise its available options by reaching a verdict. It is not, nor would it be appropriate to suggest that it is, a verdict itself.

As noted initially, article 37.01 states that a " 'verdict' is a written declaration by a jury of its decision of the issue submitted to it in the case." TEX.CODE CRIM. PROC. ANN. art. 37.01 (Vernon 1981). Additionally, in all felony trials in Texas the jury's verdict must be unanimous. TEX.CODE CRIM. PROC. ANN. art. 36.29 (Vernon Supp. 2005). These statutory provisions were the proper "law applicable in this case," and were appropriately included in the instructions submitted to the jury in the instant case.

■ Because "nonagreement" or "abstention" is not a statutorily recognized option for the jury to select, it was not error for the trial court to refuse to submit appellant's requested instructions. *See Draughon,* 831 S.W.2d at 337–38; *Berrett,* 152 S.W.3d at 606. An appellate court's first duty in evaluating a jury instruction issue is to determine whether error exists. *See Middleton v. State,* 125 S.W.3d 450, 453 (Tex.Crim.App.2003) (citing *Hutch v. State,* 922 S.W.2d 166, 170 (Tex.Crim.App. 1996)). Finding no error, we overrule issue one.

■ With regard to issue two, appellant directs our attention to the following portion of the direct examination of State's witness A.B. Baise, a detective with the City of Port Arthur Police Department and a member of the Jefferson County Narcotics Task Force:

Q. [State] Okay. So, based on your scales there at the police—at the task force office, it [the contraband appellant was accused of possessing] actually weighed 4.3 grams?

A. [Baise] Yes, sir.

Q. Tell the jury the approximate value of that cocaine?

[Trial Counsel]: Your Honor, I object. This has no relevance to that.

THE COURT: Overruled.

[Trial Counsel]: Thank you, your Honor.

A. Street value, 4.3 grams about $420.00.

Q. Okay. And you get that figure from if it's $20.00 a rock—

A. At 0.2 gram.

Q. That's about two-tenths of a gram for one rock?

A. Yes, sir.

Citing only to TEX.R. EVID. 401, appellant contends eliciting the monetary value of the contraband before the jury "prejudiced" him as the monetary value of contraband is not an element of the offense and is, therefore, irrelevant. The record reflects, however, that during an earlier portion of Detective Baise's direct testimony, the following was elicited before the jury:

Q. [State] How much does a typical rock of crack cocaine weigh?

A. [Baise] About 0.2 grams and they sell it for $20.00 on the street.

Q. Two-tenths of a gram and that goes for $20.00?

A. Yes, sir.

Q. Typically. So, in fact, is there another kind of slang term for a $20.00 rock?

A. There's so many different slangs throughout the U.S.; a twenty—"Give me a twenty". That means a $20.00 piece of crack cocaine. "Give me some butter", $20.00 piece of butter because it looks just like butter, you know, just street slang.

Q. And there again it cuts up easily into those rocks, it's not powder?

A. Yes, sir.

Q. So, out of 1 gram of crack cocaine, you can get five $20.00 rocks?

A. Typically, yes.

It is axiomatic that to preserve error in admitting evidence, a party must make a proper objection and get a ruling on that objection. *See Saldano v. State,* 70 S.W.3d 873, 886–87 (Tex.Crim.App.2002); *Leday v. State,* 983 S.W.2d 713, 718 (Tex. Crim.App.1998). "In addition, a party must object each time the inadmissible evidence is offered or obtain a running objection." *See Valle v. State,* 109 S.W.3d 500, 509 (Tex.Crim.App.2003). An error, if any, in the admission of evidence is cured where the same evidence comes in elsewhere without objection, either before or after the complained-of ruling. *See Lane v. State,* 151 S.W.3d 188, 193 (Tex.Crim. App.2004). In the instant case, the street value of 0.2 gram of rock-cocaine was testified to without objection as being $20.00. Later, testimony indicated that the rock-cocaine recovered near appellant had a weight of 4.3 grams. As the total weight of the contraband possessed was an element of the offense, this testimony was admissible. We find that appellant has forfeited our consideration of this issue as the street value of rock-cocaine was admitted before the jury without objection earlier in the trial, thus curing any alleged error as to relevancy. *See Ethington v. State,* 819 S.W.2d 854, 858 (Tex.Crim.App. 1991). Issue two is overruled. The judgment of the trial court is affirmed.

AFFIRMED.