IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



Nos. 10-07-00260-CR,
10-07-00261-CR, 10-07-00262-CR,

10-07-00263-CR, 10-07-00264-CR,
10-07-00265-CR,

10-07-00266-CR, 10-07-00267-CR,
10-07-00268-CR,

10-07-00269-CR and 10-07-00270-CR

 

Karl Keith Noland,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 85th District Court

Brazos County, Texas

Trial Court Nos. 05-04140-CRF-85,
05-04141-CRF-85,

05-04142-CRF-85, 05-04143-CRF-85,
05-04144-CRF-85,

05-04145-CRF-85, 05-04146-CRF-85,
05-04147-CRF-85,

05-04148-CRF-85, 05-04149-CRF-85,
and 05-04150-CRF-85

 



ABATEMENT ORDER










 

            The legislature has given the trial
court the responsibility and authority to appoint counsel to represent indigent
defendants in criminal proceedings and to relieve appointed counsel of his
duties or replace him with other counsel upon a finding of good cause.  Tex. Code Crim. Proc. Ann. art
26.04(j)(2) (Vernon Supp. 2007); Enriquez v. State, 999 S.W.2d 906, 907
(Tex. App.—Waco 1999, order) (construing predecessor to current statute; see
Acts 1987, 70th Leg., ch 979 § 2, amended by Acts 2001, 77th Leg., ch 906, §
6).  

            The timely disposition of these
proceedings has become stalled.  What follows is a chronicle of events that
have occurred which has led us to this order and is provided to assist the
trial court in making its required determination.

            Eleven trial court cases were tried in
one proceeding against Karl Keith Noland.  A judgment of conviction was
rendered in each trial court case.  A notice of appeal covering all eleven
cases was filed by Noland.  Because a separate judgment was signed in each
trial court case, this Court docketed the notice of appeal for each trial court
case as a separate appellate case, appellate numbers 10-07-00260-CR through 10-07-00270-CR.  This was almost a year ago.  

            The reporter’s record in all eleven
trial court case numbers was received by this Court on November 30, 2007.  The reporter’s record was, however, designated in case management as filed on December 4, 2007 only in appellate numbers 10-07-00264-CR through 10-07-00270-CR, and not in appellate numbers 10-07-00260-CR through 10-07-00263-CR.  The parties were, therefore, notified by this Court only that the
reporter’s record in appellate numbers 10-07-00264-CR through 10-07-00270-CR was filed.  However, the reporter had notified the parties that she was sending
the record in all eleven trial court case numbers to us.

            The filing of the record triggered the
timetable for filing Noland’s brief.  The brief was due on January 3, 2008.  His appointed counsel, David Barron, failed to file a brief.  We sent a notice to
him on January 8 about his failure to file a brief and gave him 14 days to
respond with a brief or other satisfactory response.  The trial court also sent
Barron a letter reminding him that a brief or other satisfactory response was
due in this Court by January 23, 2008.  However, not until two days after the
deadline, on January 25, 2008, did Barron fax a motion for extension of time to
file Noland’s brief to this Court, requesting an extension of 60 days.  When
requesting the extension of time to file his brief, Barron only referred to
appellate numbers 10-07-00264-CR through 10-07-00270-CR, and did not alert the Court as to the lack of an entry of the reporter’s record in numbers 10-07-00260-CR through 10-07-00263-CR.  Barron’s request was granted and the due date for
Noland’s brief was extended to March 3, 2008.  

            In early March of 2008 we discovered
our error of not indicating in our case management system that the reporter’s
record was also filed in 10-07-00260-CR through 10-07-00263-CR; and because there was only one reporter’s record for all eleven cases, the
reporter’s record in appellate numbers 10-07-00260-CR through 10-07-00263-CR was entered into the Court’s case management system as having been received on November 30, 2007 and filed on December 4, 2007.  The parties were notified by letter
dated March 4, 2008 that the record had actually been filed on December 4, 2007.

            By letter dated March 11, 2008, we notified the parties of our error in docketing the filing of the reporter’s record
and informed Barron that a brief for Noland was due 30 days from the date of
the letter, that due date being April 10, in all eleven appellate cases, those
cases being 10-07-00260-CR, 10-07-00261-CR, 10-07-00262-CR, 10-07-00263-CR, 10-07-00264-CR, 10-07-00265-CR, 10-07-00266-CR, 10-07-00267-CR, 10-07-00268-CR, 10-07-00269-CR, and 10-07-00270-CR.  Again, Barron did not file a brief.  We sent Barron another letter, dated
 April 14, 2008, informing him that no briefs had been filed and gave him
another 14 days to file a brief or other satisfactory response.  Again, two
days past the deadline, on April 30, 2008, Barron faxed a motion for extension of time to file a brief in all eleven cases.  He requested another 60 days to
file a brief.  A majority of this Court granted that request and extended the
time to file a brief to June 9, 2008.  Barron never filed a brief in any of the appellate cases.

            We abated the eleven appeals on July 2, 2008 to the trial court to determine why no brief had been filed.  The trial court
held a hearing on August 1, 2008.  By then, the briefs were past due by 53
days.  Barron testified that he improperly calendared the briefs due at 15 days
past the actual due date.  By his accounts, this would have made the briefs due
on June 24.  But Barron made no attempt to file the brief or request an
extension by even this alleged erroneously calculated date.  When asked on August 1, 2008, by the trial judge if Barron had filed a brief, Barron replied, “No, sir. 
I will file it whenever the Court directs me to.”  When asked when he could
have a brief filed, Barron replied “Fourteen days, Your Honor.”  He agreed that
the date would be August 15, 2008.  The trial court then recommended to us that
we grant an extension of time until August 15, 2008 for Barron to file Noland’s briefs.

            We reinstated the appeals, followed
the trial court’s recommendation, and set the brief due date as August 15. 
Once again, Barron has not filed a brief or a request for an extension of time
in any of the eleven appeals.  

            Accordingly, we abate the eleven
appeals to the trial court and instruct the trial court to consider, within 14
days from the date of this order, whether the pattern of failures by Barron to
timely file a brief in any of these eleven appeals is good cause for Barron’s
removal as appointed counsel for Noland, and, if a finding of good cause is
made, remove David Barron as appointed counsel from these appeals and appoint
new counsel to represent Noland in each of his eleven appeals.  Upon taking
such action, the trial court must sign a written order expressly removing David
Barron as appointed counsel and appointing a new attorney to represent Noland. 
The written order must also include the basis for and the finding of good
cause.  Tex. Code Crim. Proc. Ann.
art 26.04(j)(2) (Vernon Supp. 2007).  Further, the order must also contain the
name, mailing address, telephone number, fax number, if any, and State Bar
Identification number of new counsel.  If the trial court determines there is
not good cause to remove Barron, then the trial court must sign a written order
evidencing the same and set a date certain when Noland’s briefs are due,
regardless of whether this Court has yet reinstated the appeals.

            Within 7 days of signing the written
order, the trial court must deliver the order to the trial court clerk who must
prepare a clerk’s record which includes the order and file that record with the
Clerk of this Court within 7 days of receiving the trial court’s order.

 

                                                                        PER
CURIAM

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
abated

Order
issued and filed September 10, 2008

Publish






0%'> 

 

full range of
punishment

In potential issue two, appellate
counsel addresses whether the trial court failed to consider the full range of
punishment.  He points to the following statements made by the trial court
after sentence was imposed:

Mr. Powell, you may now look forward to
the next 10,730 days of your life in anticipation of your eligibility for
parole.  During those 257,496 hours, you will be able to consider what the
world will be like when you have reached the age of 66 years, four months, and
four days.  During those 15,449,760 minutes you can ponder what the decision of
the Board of Pardons and Paroles might be in March of 2038.

 

You might wish to remember that Charles
Manson and Sirhan Sirhan have had multiple parole hearings and remained
confined.  The authorities in California have decided that they should remain
where they are and not returned to society that they so cruelly terrorized. 
While I may not be here in 2038, I am sure our Board will make a fair and
informed decision.

 

            Due process requires a
neutral and detached hearing body or officer.  Brumit v. State, 206 S.W.3d 639, 645 (Tex. Crim. App.
2006).  Absent a
clear showing of bias, a trial court’s actions will be presumed to have been
correct.  Id.  Although Powell did not present this issue to the trial
court, we need not determine whether it is preserved because the record does
not suggest that the trial court entered a predetermined sentence.  See id;
see also Booth v.
State, No. 05-08-00622-CR, 2009 Tex. App. LEXIS 4248, at *7-8 (Tex.
App.—Dallas June 16, 2009, no pet.) (not designated for publication).  The trial court’s comments were made
after sentence was imposed and after the trial court had heard evidence of
Powell’s crimes.  See Brumit, 206 S.W.3d at 645-46; see also Booth, 2009 Tex. App. LEXIS 4248, at *7-8.  This issue presents nothing for
appeal.  

 

Excessiveness
of punishment

In potential issue three, appellate
counsel addresses whether Powell’s punishment is excessive.  Powell did not challenge
his punishment at trial.  This issue is not preserved for appellate review.[3] 
See Wynn v. State, 219 S.W.3d 54, 61 (Tex. App.—Houston
[1st Dist.] 2006, no pet.); see also Steadman v. State, 160 S.W.3d 582,
586 (Tex. App.—Waco 2005, pet. ref’d); Tex. R. App. P.
33.1(a).

Relevancy of
items in vehicle

In potential issue four, appellate
counsel addresses whether items found in Powell’s girlfriend’s vehicle were
relevant.

Fallwell testified that a BJ Services
uniform, blue latex gloves, and two serrated knives were found in the vehicle
belonging to Powell’s girlfriend.  The State sought to introduce seven photographs
of these items.  Trial counsel objected:

I’m not sure what connection the knives
and gloves and what any other evidence that was found in that Ford Explorer
connect to Mr. Powell.  I think the officer testified to his knowledge my
client had no expectation of privacy in that particular vehicle, it was [the
girlfriend’s], so I object to relevance to the assessment of punishment in this
case.

 

The trial court overruled the objection,
noting that it “goes more to the weight rather than the admissibility.”

            The State had previously offered
and admitted eight other photographs of these items, without objection.  See
Lasher v. State, 202 S.W.3d 292, 295 n.1 (Tex.
App.—Waco 2006, pet. ref’d); see also Broussard v. State, 163 S.W.3d
312, 318 (Tex. App.—Beaumont 2005, no pet.).  Powell did not object to Fallwell’s testimony describing
the objected-to photographs.  See Jones v. State,
944 S.W.2d 642, 652 (Tex. Crim. App. 1996).  This issue has not been preserved for appellate review.[4]
 See Tex. R. App. P. 33.1(a).

admissible
evidence

In potential issue five, appellate
counsel addresses whether a question by the prosecutor amounts to inadmissible
evidence.

During Lisa’s testimony, the State
asked, “When you hear the way he talked to Detective Fallwell during that interview,
did that sound to you in your mind like he recognized the gravity of what he
had done?”  Trial counsel objected on grounds of speculation.  The trial court
overruled the objection.  Lisa then testified that Powell did not appear to
take responsibility and appeared to minimize what he did. 

While a witness cannot possess personal
knowledge of another’s mental state, he may possess personal knowledge of facts
from which an opinion regarding mental state may be drawn.  Solomon v. State, 49 S.W.3d 356, 364 (Tex. Crim. App.
2001).  Having observed the videotape of Powell’s interview, Lisa could draw an opinion as to whether
Powell appeared to take responsibility or minimize his actions.  See id.;
see also Tex. R. Evid.
701.  We cannot say that her
opinion would be “helpful to a clear understanding” of her testimony or the
“determination of a fact in issue.”  Tex. R. Evid.
701.  Nevertheless, the
trial court had also seen the videotape and could draw its own conclusions. 
Lisa’s opinion added little weight to her testimony.  See Solomon, 49 S.W.3d at 365.  Thus, we have a fair assurance that Lisa’s
opinion did not influence the trial court’s punishment decision or had but a slight
effect.  See id.; see also Tex.
R. App. P. 44.2(b).  This issue presents nothing for appeal.  

Independent
Review

Having
conducted an independent review of the record, we find this appeal to be wholly
frivolous.  We affirm the
judgment.  Pursuant to Rule of Appellate Procedure 48.4,
counsel must send Powell a copy of our decision by certified mail, return
receipt requested, at Powell’s last known address.  Tex. R.
App. P. 48.4. 
Counsel must also notify
Powell of his right to file a pro se petition for discretionary review.[5] 
Id.; see also Ex parte Owens, 206 S.W.3d 670, 673-74 (Tex.
Crim. App. 2006); Villanueva v. State, 209 S.W.3d 239, 249 (Tex.
App.—Waco 2006, no pet.).




 
 
 
 
 
  
 
 




 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring with note)*

Affirmed

Opinion
delivered and filed March 31, 2010

Do not publish

[CRPM]

 

*           (Chief
Justice Gray concurs with the Court’s judgment to the extent that it affirms
the trial court’s judgments.  He does not join the opinion.  A separate opinion
will not issue.)

 









[1]               This is true even where,
as here, the defendant fails to object to the absence of findings.  See Urias v. State, 155 S.W.3d 141, 142 (Tex. Crim. App.
2004) (en banc).

 





[2]
              Appellate counsel
contends that the record shows that Powell’s confession was voluntary; thus,
abatement would be moot.  The law is clear that findings are necessary when a
question is raised as to voluntariness of a confession and that abatement is
the proper remedy.  See Tex.
Code Crim. Proc. Ann. art. 38.22 §6
(Vernon 2005); see also Urias v. State, 155 S.W.3d 141, 142 (Tex. Crim.
App. 2004) (en banc).

 





[3]               Even if
error was preserved, each sentence is within the applicable statutory range.  See
Buster v. State, 144 S.W.3d 71, 81 (Tex.
App.—Tyler 2004, no pet.) (“[I]f the sentence falls within the
limits prescribed by a valid statute, the punishment is not excessive, cruel, or unusual.”); see
also Tex. Pen. Code Ann. § 22.021(e) (Vernon
Supp. 2009) (Aggravated sexual assault); Tex.
Pen. Code Ann. § 30.02(d) (Vernon 2003) (Burglary of a habitation);
Tex. Pen. Code Ann. § 38.04(b)
(Vernon Supp. 2009) (Evading arrest); Tex.
Pen. Code Ann. § 38.06(c) (Vernon Supp. 2009) (Escape); Tex.
Pen. Code Ann.
§ 15.01 (Vernon 2003) (Criminal attempt); Tex.
Pen. Code Ann. § 12.32 (Vernon Supp. 2009) (First degree felony); Tex. Pen. Code Ann. § 12.33 (Vernon Supp.
2009) (Second degree felony); Tex. Pen. Code Ann. § 12.35(a) (Vernon Supp. 2009) (State
jail felony); Tex. Pen. Code Ann.
§ 12.21 (Vernon 2003) (Class A misdemeanor).

 

 





[4]               Even if error was preserved,
the record shows that Powell was employed by BJ Services, his uniform had loops
on the sleeves, Lauren described loops on the sleeves of her assailant, and knives
and blue latex gloves, like the ones found in the vehicle, were found at both
crime scenes.  The trial court could reasonably conclude that these items
connected Powell to the offenses.  See Franklin v. State,
No. 05-08-01714-CR, 2010 Tex. App. LEXIS 639, at *9-10 (Tex.
App.—Dallas Jan. 29, 2010, no pet. h.) (not designated for publication).





[5]               We typically grant
counsel’s motion to withdraw, effective upon counsel’s compliance with the
aforementioned notification requirement as evidenced by “a letter [to this
Court] certifying his compliance.”  See Tex. R.
App. P. 48.4. 
In this case, however, appellate counsel filed his motion to withdraw with the
trial court in accordance with Sowels v. State, 45 S.W.3d 690, 692 (Tex. App.—Waco
2001, no pet.), overruled in part by Meza v. State, 206
S.W.3d 684, 689 (Tex. Crim. App. 2006).  The Court of Criminal Appeals has
overruled this aspect of Sowels, and this
Court has “jurisdiction and authority to grant a motion to withdraw that
accompanies an Anders
brief” if the Court determines that counsel has satisfied his professional
obligations and that the appeal is frivolous.  Meza, 206 S.W.3d at 689; Alexander v. State, No.
10-07-00090-CR, 2008 Tex.
App. LEXIS 7542, at *8 n.1 (Tex. App.—Waco Oct. 8, 2008, pet. dism’d)
(not designated for publication).