**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00399-CR**
_____

**RICKY RAY MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause No. 24682**

**MEMORANDUM OPINION**

Ricky Ray Martinez was charged with Aggravated Sexual Assault of a Child.

*See* Tex. Penal Code Ann. § 22.021(a)(2)(B) (West 2019).[1] After a jury trial,

Martinez was convicted and sentenced to 99 years in prison. Martinez appeals his

conviction.

---

[1] We cite to the current version of the Penal Code provisions, as the amendments
made to the cited statutes do not affect this appeal.

In three issues, Martinez argues that the trial court erred when it (1) allowed the victim to testify regarding her self-harm after the alleged sexual assaults, (2) violated the Confrontation Clause of the Sixth Amendment of the United States Constitution and Texas Rule of Evidence 412 when it did not allow Martinez to question the victim regarding her past sexual history, and (3) similarly violated the Confrontation Clause and Rule 412 when it did not allow Martinez to question the victim about a previously unrelated Sexual Assault Nurse Examination (SANE). We affirm the trial court's judgment.

## I. Background

The victim, Diana,[2] Martinez's stepdaughter, was 11 years old at the time of the first assault. Diana testified that Martinez and Diana's mother (Mother) had been in relationship since she was "2 years old." She testified that at the time of the first assault, Mother worked at a nursing home and frequently worked nights. Martinez babysat her and her younger siblings[3] on nights Mother worked late.

In the winter of 2014, Diana's younger sister wet her bed, and while Diana helped Martinez change the sheets on the child's bed, Martinez told Diana to come

---

[2] We refer to the child with a pseudonym to conceal the child's identity. *See* Tex. Const. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

[3] Martinez and Diana's mother have two biological children.

2

into the room he shared with Mother. After Diana's sister went back to sleep, Diana went into Martinez's room, and Martinez sexually assaulted her when he "put his penis in my vagina." Diana testified that Martinez sexually assaulted her "[t]hree or four times" after the first incident, until Mother separated from Martinez and the family moved to a different house. Diana and her siblings then went to live with their maternal grandparents.

Diana acknowledged that while she lived with her grandparents, she entered into an internet relationship with an 18-year-old boy. When her grandparents discovered the relationship, they demanded that she end it and told her 18-year-old boys "have the mindset of getting in your pants." In response, Diana told her grandparents she was not a virgin because she had been sexually assaulted by Martinez. The police investigated the allegations and charged Martinez with Aggravated Sexual Assault of a Child.

Although several witnesses testified at trial, we only address the testimony relevant to the issues raised by Martinez on appeal. Diana testified during direct examination that she was hospitalized due to self-harm after Martinez sexually assaulted her.[4] Martinez objected to the relevance of the testimony and the trial court

---

[4] Diana testified that she started cutting herself because "I knew that I was going through hard times and just at school having to deal with the pain that he did that to me and other stuff."

3

overruled his objection. During cross-examination, Martinez's trial counsel attempted to question Diana about her sexual history before she made allegations against Martinez. The State objected to any testimony regarding the victim's sexual history. The trial court sustained the objection and did not allow Martinez to question Diana about her sexual history.

Martinez also attempted to question Diana about circumstances surrounding a SANE examination performed on her prior to and unrelated to the sexual assault by Martinez. The State objected to questions regarding any SANE examination unrelated to the allegations against Martinez, and the trial court, over objections from Martinez's trial counsel, did not allow Martinez to question Diana about any other SANE examination.

At the conclusion of the trial, the jury convicted Martinez and assessed punishment at 99 years in prison. Martinez timely filed this appeal.

## II. Analysis

### A. Issue One

In his first issue, Martinez argues that the trial court erred when it allowed Diana to testify regarding self-harm after Martinez assaulted her because the testimony was not relevant to the charges against him, and the testimony was "bias[ed] and prejudicial." We review the trial court's admission of evidence under

4

an abuse of discretion standard. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011) (citations omitted); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010) (citation omitted).

During direct examination, the State attempted to question Diana about self-harm, which she allegedly engaged in after Martinez sexually assaulted her. Martinez objected as to relevance. The State argued that Martinez questioned Diana's credibility in his opening statement, and thus, opened the door to such testimony. The trial court overruled Martinez's objection and allowed a running objection to testimony regarding Diana's self-harm.

Any error in admitting evidence is cured if the same evidence comes in elsewhere without objection, either before or after the complained-of ruling. *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (citing *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)). In the record before us, a counselor from Children's Safe Harbor who counseled Diana testified, without objection, that Diana engaged in cutting and other self-destructive behavior after the alleged incident.[5] Thus, any error in the

---

[5] The Court of Criminal Appeals has addressed the issue of running objections and multiple witnesses. *Ford. v. State*, 919 S.W.2d 107, 113 (Tex. Crim. App. 1996). In *Ford*, the Court of Criminal Appeals held that a defendant's running objection applied to all witnesses in the case. *Id*. But, the Court also cautioned that in some situations "it would not be appropriate to allow a running objection to preserve error

admission of this evidence was cured when the evidence was admitted later without objection. *See Broussard v. State*, 163 S.W.3d 312, 318 (Tex. App.—Beaumont 2005, no pet.) (citing *Lane*, 151 S.W.3d at 193)). Accordingly, we overrule Martinez's first issue.

## B. Issues Two and Three

In his second and third issues, Martinez argues that the trial court erred when it did not allow him to question Diana about her sexual history or reference an unrelated SANE examination performed on Diana prior to her allegations against Martinez. Martinez argues that such error constitutes a violation of the Confrontation Clause of the Sixth Amendment under the United States Constitution and Texas Rule of Evidence 412. Martinez asserts the evidence would tend to "show the victim[']s

---

on a matter referred to by any witness at any [time] during trial." *Id.* (citation omitted). In determining that the defendant did preserve his objection as to all witnesses, the Court noted that the defendant in *Ford* objected "'to any and all impact evidence' as 'to all witnesses' testifying to such[,]" and therefore preserved his objection to all witnesses in the case regarding such testimony. *Id.* at 113–114. Following the Court of Criminal Appeals' guidance in *Ford*, we decline to extend Martinez's running objection to questions about Diana's self-harm to subsequent witnesses because Martinez did not clearly request his running objection to apply to all witnesses at trial. Any subsequent testimony by Diana's counselor regarding her self-harm was not covered by the running objection earlier in trial. *See Scaggs v. State*, 18 S.W.3d 277, 292 (Tex. App.—Austin 2000, pet. ref'd) (holding "[a] running objection when requested by defense counsel and granted by the trial court does not preserve error when another witness testifies to the same matter without objection.").

motive or bias for her testimony." *See* U.S. CONST. amend. VI; Tex. R. Evid. 412(b)(2)(C).

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. CONST. amend. VI. This constitutional guarantee applies to both federal and state prosecutions. *Pointer v. Texas*, 380 U.S. 400, 406 (1965) (citation omitted); *Woodall v. State*, 336 S.W.3d 634, 641 (Tex. Crim. App. 2011) (citations omitted). "The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact." *Maryland v. Craig*, 497 U.S. 836, 845 (1990).

While a defendant is guaranteed the right to confront the witnesses testifying against him, that right is not unlimited. "Generally speaking, the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). Texas Rule of Evidence 412 prohibits a defendant from questioning a sexual assault victim about prior sexual history, except under limited exceptions. *See* Tex. R. Evid. 412 (b)(2)(A–E). When evidence is constitutionally required to be admitted under Rule 412, the trial court

must still make a determination that the probative value is not substantially outweighed by undue prejudice. *See id.* 412(b)(2)(E), (b)(3); *State v. Dudley*, 223 S.W.3d 717, 724 (Tex. App.—Tyler 2007, no pet.).

A trial court's ruling under Rule 412 is reviewed for an abuse of discretion. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016) (citation omitted); *see also* Tex. R. Evid. 412. The trial court has wide discretion in determining relevant testimony under the rules of evidence. *See Johnson*, 490 S.W.3d at 910 (citations omitted) (illustrating that Texas Rules of Evidence 401 and 613 allow a defendant to cross examine a witness on relevant information regarding potential bias and motives). While the standard for trial courts is to err on allowing any relevant information to be presented in trial, Rule 412 asserts a more stringent assessment and leans toward keeping the information out except for very limited circumstances. *See* Tex. R. Evid. 412. Rule 412 prevents a defendant from introducing a sexual assault victim's past sexual history except, among other limited things, to show "the victim's motive or bias[.]" *See id.* 412(b)(2)(C); *see also Robisheaux v. State*, 483 S.W.3d 205, 223–24 (Tex. App.—Austin 2016, pet. ref'd) (quoting *Stephens v. State*, 978 S.W.2d 728, 732–33 (Tex. App—Austin 1998, pet. ref'd) (stating that "'[t]he general balancing test under Rule 403 weighs in favor of

the admissibility of evidence, while Rule 412(b)(3) weighs against the admissibility of evidence'")).

Here, the excluded evidence fails to meet either of the required prongs for evidence to be admissible as an exception under Rule 412. *See* Tex. R. Evid. 412(b)(2)(A–E), (b)(3). First, Martinez failed to show how the excluded testimony about Diana's sexual history would establish a bias or motive to fabricate the allegations against Martinez as required by rule 412. *See id.* 412(b)(2)(C). The defense attempted to question Diana about an unrelated incident regarding an alleged sexual encounter in the woods that led to Mother taking Diana to a hospital for a SANE examination. The State objected. Martinez then sought to elicit testimony from Diana that she did not report the assault by Martinez to nursing staff or law enforcement during the SANE examination for the unrelated incident, even though this incident allegedly took place after the assault by Martinez. While the State had no objection to testimony regarding Diana not reporting the assault by Martinez, the State did object to bringing up the SANE examination conducted in the unrelated incident. The trial court permitted Martinez to question Diana about why she did not report the assault by Martinez while being examined at the hospital by the nursing staff and interviewed by law enforcement officers; however, the trial court did not permit Martinez to mention the unrelated SANE examination or to question Diana

about the circumstances that led up to her speaking to nursing staff and law enforcement officers.

Second, Martinez failed to show that this testimony would fall within a limited exception to Rule 412. *See id.* 412. According to the purported testimony, Diana denied any sexual activity occurred during the incident in question. Therefore, Martinez failed to show how such an incident would show Diana's bias or prejudice to fabricate the allegations against him. If anything, Martinez's argument for admissibility would have been made stronger had Diana made an outcry against him at that time. In any case, the trial court allowed Martinez to confront the witness against him regarding her failure to report the allegations against him at that opportunity. The trial court was well within the parameters outlined by the legislature in Rule 412 and did not abuse its discretion when it refused to permit Martinez to question Diana regarding her sexual history or expand on the circumstances surrounding an unrelated SANE examination. Therefore, we overrule Martinez's second and third issues.

## III. Conclusion

For the reasons explained above, we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on January 2, 2019
Opinion Delivered May 8, 2019
Do Not Publish

Before Kreger, Horton and Johnson, JJ.