

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00205-CR

---

JOSE ANTONIO ACEITUNO-URBINA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 421st District Court
Caldwell County, Texas[1]
Trial Court No. 21-081, Honorable F.C. "Chris" Schneider, Presiding

---

June 16, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

A jury convicted Jose Antonio Aceituno-Urbina, Appellant, of five sexual offenses. In two issues, Appellant argues that the trial court erred by allowing the State to present extraneous evidence. We affirm.

---

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

## BACKGROUND

In 2019, Appellant moved into the home where six-year-old "Ava" lived with her family.[2] Appellant is a distant cousin of Ava's father. After Ava's aunt raised concerns about Appellant's conduct toward Ava, Ava's mother asked the child if Appellant had touched her, and Ava revealed that Appellant had touched her private parts. Ava's mother then contacted the police. Following an investigation, Appellant was charged with five sexual offenses. The jury found Appellant guilty on three counts of aggravated sexual assault of a child younger than fourteen years of age and two counts of indecency with a child.[3]

## ANALYSIS

Appellant raises two issues on appeal, both related to the admission of evidence. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id.* at 83. We will not reverse the trial court's decision unless we find that the ruling lies outside the zone of reasonable disagreement. *Id.*

Evidence of extraneous conduct is not admissible during the guilt-innocence phase of a trial to prove that a defendant committed the charged offense in conformity with bad character. TEX. R. EVID. 404(b); *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App.

---

[2] To protect the identity of the minor victim, we refer to her by a pseudonym. *See* TEX. R. APP. P. 9.10(a)(3).

[3] See TEX. PENAL CODE ANN. §§ 21.11, 22.021.

2011). However, extraneous-conduct evidence may be admissible when it has relevance apart from character conformity such as rebuttal of a defensive theory. *Id.*; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

In his first issue, Appellant contends that the trial court erred in allowing the admission of evidence regarding a bag of women's underwear that was discovered in his room. At trial, the State agreed to seek a ruling from the trial court before eliciting testimony about the evidence. On the first day of trial, the State approached the trial court to advise that it would be asking a detective about the underwear. Appellant's counsel objected under Rules of Evidence 401, 403, and 404, arguing that the evidence was not relevant and noting that the underwear was women's underwear, not children's underwear. The trial court overruled the objection and granted Appellant's request for a running objection. The detective then testified that, when searching Appellant's bedroom, he found a yellow bag under the nightstand beside the bed containing approximately sixteen pairs of women's underwear.

On the second day of trial, the sexual assault nurse examiner who examined Ava testified that, after the exam was completed, Ava's mother told her that Appellant "had a bunch of female underwear under his bed and some of them were [the mother's] underwear." The nurse testified that Ava's mother "was very concerned about that." Appellant's counsel did not object to this testimony.

The State argues that, because Appellant failed to object to the nurse's testimony concerning Appellant's possession of women's underwear, the trial court's admission of similar evidence from the detective was harmless. We agree. Any error in admitting

evidence is cured if the same evidence comes in elsewhere without objection, either before or after the complained-of ruling. *Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004). In this case, the nurse testified, without objection, that Ava's mother told her that Appellant kept a bag of women's underwear under his bed. Thus, any error in the admission of this evidence was cured when the evidence was admitted later without objection. *See Broussard v. State*, 163 S.W.3d 312, 318 (Tex. App.—Beaumont 2005, no pet.).

Moreover, Appellant's request for a running objection to one witness's testimony did not preserve error as to other witnesses, because the record does not indicate that the request for a running objection be applied to all witnesses.[4] The Court of Criminal Appeals has held that a running objection may extend to other witnesses when the defendant asks for a running objection to extend to all witnesses if they testified to the same type of matter. *Ford v. State*, 919 S.W.2d 107, 113–14 (Tex. Crim. App. 1996) (en banc). But here, Appellant did not ask for his running objection to the detective's testimony to apply to all witnesses. Appellant then failed to object when the nurse testified about the mother's statements about the underwear. Thus, Appellant failed to preserve his complaint as to that testimony. *See Scaggs v. State*, 18 S.W.3d 277, 292 (Tex. App.— Austin 2000, pet. ref'd) (holding "[a] running objection when requested by defense counsel and granted by the trial court does not preserve error when another witness testifies to the same matter without objection."). Therefore, we overrule Appellant's first issue.

---

[4] After the trial court overruled Appellant's objections to the detective's testimony under Rules 401, 403, and 404, counsel asked, "Judge, could I just ask for a running objection on—on that objection?" The trial court answered, "Yes, sir."

In his second issue, Appellant asserts that the trial court abused its discretion in allowing evidence of Appellant's possession of pornography to be admitted into the trial and by allowing the State to mention the existence of additional pornography. The State sought to introduce a portion of the pornographic photographs and videos that investigators discovered on Appellant's cell phone. The State argued that the evidence of pornography would be used to corroborate Ava's statements that Appellant showed her pornographic photographs on his cell phone when he sexually assaulted her. The State further urged that the evidence was admissible because it was evidence of grooming and because it went to Appellant's desire for sexual gratification. Appellant argued that Appellant's possession of adult pornography was not relevant, was more prejudicial than probative, and was improper bolstering. The trial court allowed the State to admit approximately twenty photographs and two videos.

The investigator who extracted data from Appellant's cell phone testified that State's Exhibit 20 contained digital images and other content retrieved from the phone. The investigator who handled the case testified that the pornographic images and videos depicted adults only. When the investigator was asked if State's Exhibit 20 was "a representative sample" of the pornography recovered from Appellant's cell phone, Appellant's counsel objected. He argued to the trial court that the State was improperly referencing the existence of additional pornography. The judge overruled the objection and granted counsel's request for a running objection.

Later in the trial, the sexual assault nurse examiner testified that, during her exam, Ava disclosed that Appellant had "naked pictures" on his phone. Ava related to the nurse that Appellant showed her, on his phone, "people with their clothes off." Appellant made

5

no objection to this testimony. The State also elicited testimony from a counselor at the child's advocacy center that showing pornography to a child, even if it is adult pornography, can be an example of grooming behavior. She testified that exposing a child to pornography works to lower the defenses of the child and to test the child's boundaries.

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." TEX. R. EVID. 401. Relevant evidence is generally admissible, but "[i]rrelevant evidence is not admissible." TEX. R. EVID. 402. Also, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403.

Under Rule 403, we first examine the probative force of the evidence in question and the State's need for the evidence. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); TEX. R. EVID. 403. In prosecutions for sexual offenses, successful convictions often depend on whether the jury believes the complainant. *See Wheeler v. State*, 67 S.W.3d 879, 888 (Tex. Crim. App. 2002) (en banc). In this case, the complainant was young, and her testimony was not always easy to follow. Appellant's defensive theory was that Ava's allegations were fabricated. There was no physical or medical evidence corroborating the commission of an offense. Therefore, the State's case rested heavily on Ava's statement. Evidence that Appellant had pornographic images on his phone corroborated Ava's statement that Appellant had shown her such images. *See Allen v. State*, Nos. 01-10-00652-CR through 01-10-00662-CR, 2012 Tex. App. LEXIS 4598, at

*14–15 (Tex. App.—Houston [1st Dist.] June 7, 2012, pet. ref'd) (mem. op., not designated for publication) (evidence that defendant possessed pornography may be probative to corroborate child sexual assault victim's statement that defendant showed her pornography before assaulting her); *see also Watkins v. State*, No. 02-12-00024-CR, 2013 Tex. App. LEXIS 1512, at *9–10 (Tex. App.—Fort Worth Feb. 14, 2013, pet. ref'd) (per curiam) (mem. op., not designated for publication) (concluding that where child complainant described being shown pornographic images by defendant, images were admissible to corroborate child's testimony). Additionally, the evidence had some probative value given the counselor's testimony about the use of pornography in grooming child sexual assault victims. Therefore, we conclude the probative force of the evidence and the State's need for it weigh in favor of admissibility.

Having determined that the challenged evidence has probative value, we next consider whether this probative value was substantially outweighed by any unfair prejudice. *See* TEX. R. EVID. 403. Appellant claims that the evidence regarding his possession of pornography was presented for the purpose of inflaming the jury's animosity toward him. He further asserts that the detective's testimony that the admitted evidence was a "representative sample" improperly insinuated that he possessed even more pornography on his phone.

We cannot conclude that the images admitted into evidence or the comment that they were a "sample" unfairly prejudiced Appellant. The images depicted adults only, not children; as Appellant's counsel argued to the jury, such images are not illegal. *See Mattingly v. State*, 382 S.W.3d 611, 615 (Tex. App.—Amarillo 2012, no pet.) (evidence that defendant watched "a variety" of adult pornography "is hardly a shocking piece of

7

evidence and would not seem to suggest that the jury would arrive at its verdict on an improper basis."). The jury was less likely to be inflamed by these photos than by Ava's own statements regarding Appellant's acts of sexual abuse. Moreover, the State did not spend an inordinate amount of time presenting the evidence or present a voluminous amount of it. *See Pawlak v. State*, 420 S.W.3d 807, 810 (Tex. Crim. App. 2013) (concluding that "sheer volume" of 9,900 pornographic images was unfairly prejudicial in sexual assault case). Given the probative value of the evidence and its minimal prejudicial impact, we conclude that the trial court did not abuse its discretion in admitting the evidence. We overrule Appellant's second issue.

## CONCLUSION

For the reasons set forth above, we overrule both of Appellant's issues. Accordingly, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

Quinn, C.J., concurs in the result.